IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KENNETH E. GIBSON, § | | |
| TDCJ-CID No. 330435, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-10-026 |
| § | | |
| RICK THALER, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Kenneth E. Gibson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against Collin County, Texas, and TDCJ-CID Director Rick Thaler alleging he was wrongfully extradited from Oklahoma in 1981. (Dkt. No. 1 at 4.) Gibson requests that this Court declare his confinement unlawful and unconstitutional and award him $ 80,000.00 for each year that he has been illegally confined. The court will dismiss this action as frivolous.

Gibson has filed two other similar prisoner civil rights complaints during 2010. *Gibson v. Thaler*, V-10-24 (S.D. Tex. 2010); *Gibson v. Thaler, et al*., V-10-16 (S.D. Tex. 2010). In both actions, he claimed that he was being illegally confined. This Court reviewed Gibson's available prison records and confirmed that he is confined at TDCJ-CID pursuant to two convictions out of Dallas County, Texas. (http://www.tdcj.state.tx.us/offender_information.htm). Gibson provides no explanation as to how his alleged wrongful extradition would invalidate his confinement. If he were to establish facts which support an argument that he is illegally confined due to a wrongful extradition, his complaint in this proceeding, like his two prior complaints, would be barred by

*Heck*[1] because such a claim cannot be pursued in a civil rights action for damages where there is no showing that the criminal conviction has been overturned. *See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000); *see also Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (false arrest allegation). There is some question as to whether a successful challenge to extradition would invalidate the subsequent conviction. *See Weilburg v. Shapiro*, 488 F.3d 1202 (9th Cir. 2007); *Harden v. Pataki*, 320 F.3d 1289 (11th Cir. 2003) (both cases disagree with *Knowlin*). However, Gibson insists that he is being illegally held due to the extradition. Although his argument is unsupported and conclusory, if the court were to accept his inferences as true and correct, he would be precluded from going forward with this civil rights proceeding until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

If this action is not barred by *Heck*, then it is barred by time limitations due to the remoteness of the 1981 extradition. The federal courts look to state law to determine the applicable statute of limitations, but they look to federal law to determine when a cause of action accrues. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *Pete v. Metcalf*, 8 F.3d 214, 217 (5th Cir. 1993). In Texas, a person must bring suit for a personal injury within two years after the cause of action arose. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2010). The cause of action accrued in 1981 when Gibson was extradited and he would have been aware of the injury from the alleged wrongdoing. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). Therefore, the claim would be barred by limitations.

Moreover, Gibson has named only Rick Thaler as an individual defendant in this civil rights

---

[1] *Heck v. Humphrey*, 114 S.Ct. 2364 (1994).

suit for money damages, presumably because Thaler is head of TDCJ-CID. Gibson sets forth no facts which show that Thaler was personally involved in the proceedings to extradite him. Thaler cannot be held liable merely due to his supervisory position. *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no respondeat superior liability under section 1983."). Collin County, Texas, the only other named defendant in this action, cannot be liable where there are no facts indicating that the alleged civil rights violations were based on a persistent, widespread policy. *See Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997). There are no allegations indicating that any such policy existed and therefore Collin County would have to be dismissed. *Id.* Consequently, Gibson's complaint is subject to dismissal as frivolous. 28 U.S.C. § 1915(e).

Gibson has submitted an Application to Proceed *In Forma Pauperis* (Dkt. No. 2), which shall be granted. Gibson shall pay the $350.00 filing fee in periodic installments as required by 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund shall collect this amount from Gibson's trust account by deducting 20% from each deposit to the account and forward the money to the court in accordance with § 1915(b). No initial partial fee shall be collected because the *in forma pauperis* data sheet (Dkt. No. 2-1) indicates that there were no funds in Gibson's account when the pauper's application was filed.

Gibson has also filed a Motion for Appointment of Counsel (Dkt. No. 6), which shall be denied because there is no constitutional right to appointed counsel in civil rights actions and the issues presented do not warrant such appointment. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

## Conclusion

The Court **ORDERS** the following:

1. The Application to Proceed *In Forma Pauperis* (Dkt. No. 2) is **GRANTED**.

2. The TDCJ-CID Inmate Trust Fund shall collect the filing fee from the Inmate Trust Account of Kenneth E. Gibson, TDCJ-CID 330435, and forward the funds to the Clerk of this court pursuant to the provisions of 28 U.S.C. § 1915(b) and the terms of this Memorandum Opinion and Order.

3. The motion for appointment of counsel (Dkt. No. 6) is **DENIED**.

4. The prisoner civil rights complaint (Dkt. No. 1) filed by Kenneth E. Gibson, TDCJ-CID No. 330435, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number (936) 437-4793; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 16th day of March, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE